# Third District Court of Appeal

## State of Florida

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-531
Lower Tribunal No. 13-27747
_____

## Adweiss LLLP, a Florida Limited Liability Limited Partnership, and Adweiss LLC, as General Partner of Adweiss LLLP,
Appellants,

vs.

## John A. Daum, individually, and JAD Services, a Florida Limited Liability Company,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Law Office of Dennis Grossman, and Dennis Grossman; Law Office of Max R. Price, P.A., and Max R. Price, for appellants.

Philip D. Parrish, P.A., and Philip D. Parrish; Loren S. Granoff, P.A., and Loren S. Granoff, for appellees.


Before ROTHENBERG, FERNANDEZ, and LOGUE, JJ.

ROTHENBERG, J.

Adweiss, LLLP, a Florida Limited Liability Limited Partnership, and Adweiss, LLC ("the LLC"), a Delaware Limited Liability Company (collectively, "the plaintiffs"), appeal from an order granting John A. Daum's and JAD Services LLC's (collectively, "the defendants") motion for advancement of attorney's fees and costs ("Entitlement Order"), and from an order awarding $115,102 to the defendants in advancement fees and costs ("Awards Order"). For the reasons that follow, we affirm the Entitlement Order, but reverse the Awards Order and remand for an evidentiary hearing.

Applying Delaware law,[1] the trial court found that pursuant to paragraph 6.6 of the LLC's Limited Liability Company Agreement ("LLC Agreement"), the defendants are entitled to the advancement of attorney's fees and costs. Paragraph 6.6 provides in relevant part as follows:

> 6.6. <u>Indemnity</u>. The Company shall indemnify, **defend** and hold harmless (i) the Managers, (ii) any person designated to act on behalf of the Managers, . . . (severally, the "Indemnitee" and collectively, the "Indemnitees"), from and against any claims, losses, liabilities, damages, fines, penalties, costs and expenses (including, without limitations, fees and disbursements of counsel and other professionals) arising out of or in connection with any act or failure to act by an Indemnitee pursuant to this Agreement, or the business and affairs of the Company, to the fullest extent permitted by law; provided, however, that the Company shall not be required to indemnify an Indemnitee for any loss or damage which the Indemnitee may incur as a result of such Indemnitee's willful

---

[1] The parties agree that Delaware law governs the substantive issues in this appeal.

misconduct or gross negligence.

(emphasis added).

The primary issue presented below and here on appeal is whether the inclusion of the term "defend" in the phrase "indemnify, defend and hold harmless," as set forth in paragraph 6.6 of the LLC Agreement, provides for the advancement of attorney's fees and costs to the defendants for their defense of the action filed by the plaintiffs. Based on our de novo review of the LLC Agreement, see Kuhn Constr., Inc. v. Diamond State Port Corp., 990 A.2d 393 (Del. 2010) (noting that the trial court's interpretation of a contract is reviewed on appeal de novo), we conclude that the term "defend" unambiguously provides for the advancement of attorney's fees and costs, and therefore, we affirm the Entitlement Order.

The plaintiffs suggest that paragraph 6.6 merely provides for indemnification, not for advancement. It is undisputed that paragraph 6.6 provides for indemnification based on the inclusion of the phrase "indemnify . . . and hold harmless." Thus, the plaintiffs' suggestion would render the inclusion of the term "defend" meaningless. As stated by the Delaware Supreme Court in Kuhn, we must read the agreement "as a whole" and "give each provision and **term effect**, so as not to render any part of the contract mere surplusage." Kuhn, 990 A.2d at 396-97 (emphasis added) (footnote omitted). Thus, the inclusion of the term "defend"

3

in the phrase "indemnify, defend and hold harmless" signifies much more than an obligation to "indemnify" because the term "defend" is not necessary if the purpose of the phrase was merely to provide for indemnification.

Although the terms "advancement" or "advance" are not utilized in paragraph 6.6, courts in Delaware have suggested that the term "defend" means something more than "indemnify." For example, in Majkowski v. American Imaging Management Services, Inc., 913 A.2d 572 (Del. Ch. 2006), the Court of Chancery rejected Mr. Majkowski's argument that he was entitled to advancement based on a provision in a limited liability company agreement that states that the company "shall indemnify and hold harmless the member(s) and their affiliates." The court noted that the provision was "a standard, straight-forward indemnification provision, devoid of any advancement rights." Id. at 587. The court, however, suggested that if the agreement "used the word 'defend,' Majkowski would have a stronger argument because the obligation to 'defend' comes closer to suggesting the active employment of attorneys and continual payment as the attorneys' fees are incurred." Id. at 587 n.39.

Similarly, in Winshall v. Viacom International, Inc., 76 A.3d 808, 820 (Del. 2013), a provision in a merger agreement imposed a duty to "indemnify," but not a duty to "defend." The Delaware Supreme Court rejected the defendants' argument that the merger agreement also imposed an "independent duty to pay defense

costs," and in doing so, stated as follows:

> Where parties to a merger agreement intend to create separate duties to indemnify and to defend, they employ an "indemnify and defend against claims" clause or similar language to that effect. But where, as here, the contract expressly imposes only a duty to "indemnify," as opposed to "indemnify and defend," the courts generally hold that there is no duty to defend.

Id. In support, the Delaware Supreme Court cited to Lear Corp. v. Johnson Electric Holdings Ltd., 353 F.3d 580, 584 (7th Cir. 2003), which stated: "[N]o duty to defend means no duty to pay for the outlays of defense on a current basis."

Based on Majkowski and Winshall, we affirm the trial court's determination that the phrase "indemnify, defend and hold harmless" entitles the defendants to the advancement of attorney's fees and costs to defend the action filed against them by the plaintiffs. Any other holding would render the term "defend" meaningless.[2] Although we affirm the entitlement to the advancement of attorney's fees and costs, we reverse the amount awarded and remand for an evidentiary hearing to give the plaintiffs an opportunity to contest the reasonableness and scope of the attorney's fees and costs requested by the defendants, and in doing so, the trial court is specifically instructed not to award

[2] We reject the plaintiffs' secondary argument that the defendants are not entitled to the advancement of fees and costs because they are guilty of unclean hands based on the surreptitious and illegal withdrawal of $858,146. At this point, there has been no determination as to whether the funds were illegally withdrawn, and therefore, this allegation cannot be the basis for denying the advancement of fees and costs.

any fees and costs relating to the defendants' counterclaims filed against the plaintiffs.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.